## Paul Brautigan, Administrator, Appellee, v. Union Overall Laundry & Supply Company, Appellant.

### Gen. No. 23,617.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 15, 1918. Rehearing denied May 28, 1918. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Paul Brautigan, administrator of the estate of Franklin Brautigan, deceased, plaintiff, against Union Overall Laundry & Supply Company, a corporation, defendant, to recover damages for the death of plaintiff's intestate, alleged to have been caused by a collision with defendant's automobile arising through the negligent operation of the automobile by defendant's servant. From a judgment for plaintiff for $3,000, defendant appeals.

CRUICE & LANGILLE, for appellant; DANIEL L. CRUICE, of counsel.

LANDON & HOLT, for appellee; JOHN B. FRUCHTL, of counsel.

Mr. Justice Thomson delivered the opinion of the court.

## Abstract of the Decision.

1. Automobiles and Garages, § 2*—*what care must be exercised by one seeking to drive automobile on wrong side past approaching wagon.* One seeking to drive an automobile past an approaching wagon on the wrong side must exercise care to give proper signals and not to pass at a high rate of speed, and this duty is not affected by the fact that the right side of the street is not usable.

2. Negligence, § 106*—*when of child will not be imputed to parent.* In an action to recover for the death of one who, while walking in the street behind a wagon, was struck by an automobile which passed the wagon on the wrong side, negligence of the deceased's son who was driving the wagon cannot be charged to deceased.

3. Automobiles and Garages, § 3*—*when evidence supports verdict for death of person in street behind wagon.* In an action to recover for the death of one who, while walking in the street behind a wagon, was struck by an automobile as it passed the wagon on the wrong side and going at a high rate of speed without signals, evidence *held* sufficient to support a verdict for plaintiff.

4. Automobiles and Garages, § 3*—*when instruction on prima facie case of negligence in operation of automobile is correct.* In an action to recover damages for the death of a person killed by an automobile as he was walking in the street, it is not error to instruct the jury that "in an action brought to recover damages either to the person or property caused by running an automobile propelled by mechanical power along a public street through a residential portion of an incorporated city at a greater rate of speed than fifteen miles an hour, the plaintiff is deemed to have made out a prima facie case of negligence by showing the fact that the deceased was killed by said automobile and that the person running such automobile was at the time of the injury running the same at a rate of speed greater than the law permits," even though there was but slight evidence that the district in which the accident occurred was a residential district, where the evidence, in other respects, makes out more than a prima facie case of negligence.

5. Death, § 73*—*when instruction correct on damages for wrongful death.* In an action to recover for wrongful death, an in-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

struction that if the jury believe from the evidence that the deceased "while in the exercise of ordinary care for his safety and without fault or negligence on his part lost his life by and through the negligence of the defendant, as charged in the declaration or in either count thereof, as amended, and that said Franklin Brautigan [the deceased] left him surviving next of kin, then you should find the defendant guilty and assess the plaintiff's damages at such sum as you believe from the evidence will be fair and just compensation based upon the pecuniary loss, if any, resulting from the death of the said Franklin Brautigan to his said next of kin, not exceeding the sum of ten thousand ($10,000) dollars" is proper, even though it suggests the assessment of damages at a sum not exceeding that named in the declaration and omits the words "under the instructions of the court," especially where the verdict is for a less sum than the maximum named.

6. Automobiles and garages, § 3*—*when instruction on care in operation of automobile is not erroneous.* In an action to recover for the death of a person struck as he was following a wagon in the street by an automobile which the evidence shows was passing the wagon on the wrong side while going at a high rate of speed and without signals, it is not error to instruct that an automobile driver using the highway must use reasonable care to avoid injury to others.

7. Instructions, § 151*—*when properly refused.* Refusal to give an instruction the substance of which is embraced in other instructions given is not error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.